**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No. 1:24-cv-3124-KAS

ANTHONY HOOKS II,

Plaintiff,

v.

DEEP SEAS, LLC,

Defendant.

---

# ANSWER

---

Defendant Deep Seas, LLC ("Deep Seas") files this Answer to the Verified Complaint [Dkt. 4] (the "Complaint") filed by Plaintiff Anthony Hooks II, and states as follows:

The opening paragraph of Plaintiff's Complaint is an introduction to which no answer is required. To the extent an answer is necessary, Defendant denies the allegations in the opening paragraph of the Complaint.

1. Defendant admits the allegations in paragraph 1 of the Complaint.

2. Defendant admits the allegations in paragraph 2 of the Complaint.

3. Defendant admits that Deep Seas employed Plaintiff from January 1, 2024 to May 7, 2024.

4. Defendant admits that venue is proper in this judicial district and division. Defendant, however, denies that state court is the proper jurisdiction and has thus timely removed the Complaint to federal court based on diversity jurisdiction.

5. Defendant admits that Greycastle Security Holdings, LLC ("Greycastle"), a limited liability company formed in New York, employed Plaintiff from July 19, 2022 to December 31, 2023.

6. Defendant admits the allegations in paragraph 6 of the Complaint.

7. Defendant admits the allegations in paragraph 7 of the Complaint.

8. Defendant admits that, prior to Deep Seas' acquisition of Greycastle, Plaintiff was subject to a sales commission schedule between Plaintiff, on the one hand, and Greycastle, on the other hand, which allowed Plaintiff the opportunity to earn commissions based on certain conditions. Defendant denies the remaining allegations in paragraph 8 of the Complaint.

9. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the allegations in paragraph 9 of the Complaint.

10. Defendant denies the allegations in paragraph 10 of the Complaint.

11. Defendant admits the allegations in paragraph 11 of the Complaint.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant admits that Plaintiff had several communications with Defendant's Human Resources and Finance Department concerning commissions. However, Defendant denies the remaining allegations in paragraph 13 of the Complaint.

14. Defendant denies the allegations in paragraph 14 of the Complaint.

15. Defendant admits that Plaintiff seeks various remedies against Defendant, including the "Commissions Due and Owing" which Plaintiff claims is attached as Exhibit 1 to the Complaint. However, no Exhibit 1 was attached to the Complaint, and thus

Defendant denies that Plaintiff is entitled to any of the requested relief, and Defendant denies the accuracy of the purported calculations in Exhibit 1 allegedly attached to the Complaint.

16. Defendant admits that Plaintiff purports to bring an action pursuant to the Colorado Wage Act, C.R.S. § 8-4-101, et seq., but Defendant denies any inference of wrongdoing. Further, there is no Exhibit 1 (the "Wage Demand") attached to the Complaint, and thus denies the remaining allegations in paragraph 16 of the Complaint.

17. Defendant admits that Plaintiff purports to bring an action pursuant to the Colorado Wage Act, C.R.S. § 8-4-101, et seq., but Defendant denies any inference of wrongdoing. Further, no Exhibit 2 was attached to the Complaint, and thus Defendant denies the remaining allegations in paragraph 17 of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant denies the allegations in paragraph 19 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Relief)**

20. Defendant incorporates its responses to paragraphs 1 through 19 of the Complaint.

21. Defendant admits that Plaintiff has filed the Complaint against Defendant arising out and related to commissions that Plaintiff claims he is owed. Defendant denies the remaining allegations in paragraph 21 of the Complaint.

22. Defendant denies the allegations in paragraph 22 of the Complaint.

23. Defendant admits that it believes it has not breached any covenant of good faith and fair dealing; that it did not fraudulently induced Plaintiff; and that Defendant paid

Plaintiff, upon his termination, for all commissions earned and owed. Defendant denies the remaining allegations in paragraph 23 of the Complaint.

24. Defendant admits that Plaintiff seeks declaratory relief pursuant to Colorado Rule of Civil Procedure 57, but denies any inference of wrongdoing.

**SECOND CLAIM FOR RELIEF**
**(Fraudulent Misrepresentation)**

25. Defendant incorporates its responses to paragraphs 1 through 24 of the Complaint.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

29. Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant denies the allegations in paragraph 30 of the Complaint.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

**THIRD CLAIM FOR RELIEF**
**(Breach of Contracts)**

32. Defendant incorporates its responses to paragraphs 1 through 31 of the Complaint.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant denies the allegations in paragraph 34 of the Complaint.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

36. Defendant denies the allegations in paragraph 36 of the Complaint.

**FOURTH CLAIM FOR RELIEF**
**(Tortuous Interference with Economic Advantage)**

37. Defendant incorporates its responses to paragraphs 1 through 36 of the Complaint.

38. Defendant denies the allegations in paragraph 38 of the Complaint.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

40. Defendant denies the allegations in paragraph 40 of the Complaint.

41. Defendant denies the allegations in paragraph 41 of the Complaint.

42. Defendant denies the allegations in paragraph 42 of the Complaint.

**FIFTH CLAIM FOR RELIEF**
**(Promissory Estoppel)**

43. Defendant incorporates its responses to paragraphs 1 through 42 of the Complaint.

44. Defendant denies the allegations in paragraph 44 of the Complaint.

45. Defendant denies the allegations in paragraph 45 of the Complaint.

46. Defendant denies the allegations in paragraph 46 of the Complaint.

47. Defendant denies the allegations in paragraph 47 of the Complaint.

48. Defendant denies the allegations in paragraph 48 of the Complaint.

49. Defendant denies the allegations in paragraph 49 of the Complaint.

50. Defendant denies the allegations in paragraph 50 of the Complaint.

**SIXTH CLAIM FOR RELIEF**
**(Unpaid Wages Pursuant to Sections 8-4-109 and 8-4-110, C.R.S.)**

51. Defendant incorporates its responses to paragraphs 1 through 50 of the Complaint.

52. Defendant denies the allegations in paragraph 52 of the Complaint.

53. Defendant admits that Plaintiff purports to bring an action pursuant to the Colorado Wage Act, C.R.S. § 8-4-101, et seq., but Defendant denies any inference of wrongdoing. Further, there is no Exhibit 1 (the "Wage Demand") attached to the Complaint, and thus Defendant denies the remaining allegations in paragraph 53 of the Complaint.

54. Defendant denies the allegations in paragraph 54 of the Complaint.

55. Defendant denies the allegations in paragraph 55 of the Complaint.

56. Defendant denies the allegations in paragraph 56 of the Complaint.

57. Defendant denies the allegations in paragraph 57 of the Complaint.

With respect to the "demand" set forth in the unnumbered paragraph following paragraph 57 of the Complaint, including subparagraphs a-g, Defendant admits that Plaintiff seeks various remedies against Defendant, but Defendant denies that Plaintiff is entitled to any of the requested relief. Defendant further denies that any just or proper basis exists or awarding relief against Defendant in favor of Plaintiff. Defendant denies the remaining allegations in the unnumbered paragraph following paragraph 57 of the Complaint.

***All other allegations and averments of the Complaint not heretofore admitted or denied by Defendant are hereby denied.***

**DEFENSES AND AFFIRMATIVE DEFENSES**

1. Each defense is made without admitting the burden of proof and is stated in the alternative and exists separately from all other defenses or affirmative defenses.

2. To the extent Plaintiff seeks remedies against Defendant beyond those available under the statute or law upon which Plaintiff's claims are based, such remedies are improper.

3. Without waiving Plaintiff's burden of proof regarding willfulness, Defendant did not willfully violate the Colorado Wage Act with respect to Plaintiff.

4. Each of Plaintiff's claims are barred, in whole or in part, by the written terms of the commission agreements entered into by Plaintiff, on the one hand, and Defendant or Greycastle, on the other hand.

5. Defendant complied with all applicable laws, contracts, policies, and plans.

6. Defendant paid Plaintiff all amounts owed.

7. Defendant reserves the right to plead any additional affirmative or other defenses that may be applicable based on evidence revealed during discovery.

WHEREFORE, Defendant Deep Seas, LLC prays that the Court dismiss Plaintiff's Complaint, that Plaintiff take nothing by his suit, that all relief prayed for by Plaintiff in this action be denied, and that Defendant have such other and further relief, general and special, legal and equitable, to which it may be entitled.

Respectfully submitted this 15th day of November, 2024.

*s/ Thomas W. Carroll*
Thomas W. Carroll
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202
Telephone: 303.629.6200
Fax: 303.629.0200
Email: tcarroll@littler.com

J. Michael Rose
Amanda McCloskey
*(Applications for admission pending)*
LOCKE LORD LLP
600 Travis, Suite 2800
Houston, TX 77002
Telephone: (713) 226-1684
Facsimile: (713) 229-2626
Email: mrose@lockelord.com
amanda.mccloskey@lockelord.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of November, 2024, I electronically filed and served the foregoing **ANSWER** with the Clerk of Court using the CM/ECF system and to the following:

David H. Wollins,
David H. Wollins, P.C.
950 South Cherry Street, Suite 512
Denver, CO 80246
Telephone: 303.758.8900
Email: dhwollins@dhwpc-law.com

*Attorney for Plaintiff*

*s/ Joanna Fox*
Joanna Fox, Legal Secretary

4881-3063-2696.3